```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILIP NARDUCCI, Pro Se        :        CIVIL ACTION
                               :
         v.                    :
                               :
CITY OF PHILADELPHIA           :        NO. 02-3754
```

## O R D E R - M E M O R A N D U M

**Padova, J.**

**AND NOW**, this 3rd day of October, 2002, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, pursuant to Fed R. Civ. P. 12(b)(6) (Docket No. 7), is **GRANTED**.

Plaintiff filed this *pro se* action alleging that Defendant, the City of Philadelphia Police Department, violated his due process rights under the 5th and 14th Amendments by failing to turn over documents relevant to Plaintiff's current custody classifications and future prospects for parole. Plaintiff was convicted by a jury in 1988 of RICO and RICO conspiracy, pursuant to 18 U.S.C. § 1962. The jury found Plaintiff guilty of five RICO predicate acts, including two murders, two attempted murders, and extortion. Plaintiff subsequently filed a habeas corpus petition challenging his conviction, which was denied on September 17, 1997. United States v. Narducci, 18 F. Supp. 2d 481 (E.D.Pa. 1997). Plaintiff then filed an action on July 12, 1999, claiming that the City of Philadelphia Police Commissioner had violated Plaintiff's Constitutional rights by failing to provide him with "activity

sheets" during discovery in his trial that Plaintiff alleged would prove exculpatory. Plaintiff sought an order from the court requiring Defendant to produce any such documents. <u>Narducci v. Timoney</u>, No. 99 Civ. 9933, 1999 WL 961221 (E.D.Pa. Oct. 15, 1999). The <u>Narducci</u> court first classified Plaintiff's constitutional claims as asserting a cause of action pursuant to 42 U.S.C. § 1983. <u>Id.</u> at *7. The court then dismissed the action, relying on <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), which together hold that a person cannot bring a § 1983 claim which challenges the validity of his conviction or sentence unless that conviction or sentence is first invalidated. <u>Id.</u>

Plaintiff now seeks an injunction requiring Defendant to turn over documents which Plaintiff claims will show that he "...was <u>not</u> the perpetrator of the homicides and attempted homicides..." Compl. ¶ 19 (emphasis in original). These are ostensibly the very same documents that Plaintiff sought in the prior proceeding. In the instant case, however, Plaintiff does not indicate that he wishes to challenge the validity of his conviction in any way. Rather, Plaintiff alleges that his current "security and custody classifications," as well as his future eligibility for parole, will be favorably affected by such material. Compl. ¶ 19, 20.

There is no functional difference, however, between Plaintiff's claims in the instant case and his prior claims. Indeed, if Plaintiff's allegations concerning the requested

documents are correct, and he is successful in obtaining them, Plaintiff will be exonerated of four of the five predicate acts that established the basis of his RICO conviction. The Supreme Court held in <u>Heck</u> that "...a § 1983 action...whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful..." will not lie. 513 U.S. at 477 n.6. Thus, "whenever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought in a habeas petition." <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002). Because Plaintiff's demand that new evidence be produced is a direct attack on the very fact of his incarceration, Plaintiff's only avenue of relief, if any, would be in a habeas petition.[1]

---

[1] Plaintiff, perhaps mindful of the fact that Judge Van Antwerpen in the previous action warned Plaintiff of the future possibility of sanctions for "repetitive frivolous habeas corpus petitions," <u>Narducci</u>, 1999 WL 961221, at *11, did not request a writ of habeas corpus in the current Complaint. To the extent that Plaintiff's claim can be read as a petition for a writ of habeas corpus, the petition is barred for the reasons stated in Judge Van Antwerpen's prior opinion. <u>See</u> <u>id.</u>, at *9-*13.

Accordingly, Defendant's motion to dismiss Plaintiff's Complaint is granted.[2]

                                  BY THE COURT:


                                  _____
                                  John R. Padova, J.

---

[2] As Plaintiff did not file a response to Defendant's Motion to Dismiss, Defendant's motion could also have been granted as uncontested pursuant to Local R. Civ. P. 7.1 (c).